No. 35
NATIONAL BANK v. HARRY FUERST
Cuyahoga County Court of Appeals, No. 4387—Nov. 20, 1922

**BANKS AND BANKING—(1) Action to recover alleged deposit not credited—Positive evidence not overcome by inference from banking system—Verdict not clearly against weight of evidence.**

PER CURIAM:
Epitomized Opinion.
Error to Cleveland Municipal Court.

Fuerst brought action to recover $275 he claimed he deposited in the National City Bank, for which he did not get credit. Three witnesses testified positively that the deposit was made, and the bank introduced evidence of its system of banking, which tended to prove, inferentially, that the deposit could not have been received by it. The Municipal Judge found in favor of Fuerst. The Appellate Court held:

1. That the established rule of law which is, that a verdict will not be disturbed unless it is clearly and manifestly against the weight of evidence not having been overcome in this case the judgment will be affirmed.

**Attorneys**—Mooney, Hahn, Loeser & Keough for Bank; L. E. Krejci for Fuerst.

No. 36
BIGGS-WATTERSON CO. v. SAUER (Receiver)
Court of Appeals, Second District, Montgomery County
Decided Nov. 23, 1922
For fuller opinion see Dayton Daily Court Reporter, Nov. 29, 1922

**REPLEVIN—Evidence of waiver of contract of sale, admissible under a general denial.**

BY THE COURT:
Epitomized Opinion.
Error to Montgomery Common Pleas.

This is an action to replevin certain property sold for cash by the above plaintiff, to the debtor. The property not having been paid for, the title of the property did not pass to the purchaser, whom the receiver represents. The common pleas held that the said plaintiff, had by its conduct, waived its right to an enforcement of the contract of sale. The Court of Appeals affirmed this decision.

Counsel for the Biggs-W. Co. contended that evidence of a waiver could not be introduced, under a general denial. This court held that while this is true in most cases, a general denial in a replevin case is sufficient to permit evidence of a waiver.

**Attorneys**—Murphy, Elliff & Leen, for plaintiff; W. S. Rotschamel and Davisson, D. & Sheridan, for defendant.

No. 37
SAWYER v. BING CO.
Court of Appeals, Eighth District, Cuyahoga County
(No. 4048, decided Nov. 27, 1922)

**GUARANTY—Liability of guarantor limited to stipulated amount.**

INGERSOLL, J.:
Epitomized Opinion.
Error to the Municipal Court of Cleveland.

The above defendant, Bing Co., sold and delivered to a Mrs. Savage, certain merchandise, and the above plaintiff, Sawyer, signed a guarantee reading, "I herewith guarantee all payments on the account of Mrs. K. L. Savage, to extent of $300." Payments were made on the account reducing the balance to $489. Bing sold the goods and realized $300 from the sale, then sued Sawyer for it. Sawyer demurred, alleging that the claim did not constitute a cause of action. The court below overruled the demurrer. In the course of the action the case reached the Appellate Court on the question of overruling the demurrer. The Court of Appeals held:

1. The guarantee means that Sawyer simply guaranteed the account to the extent of $300, and not a balance of $300 on the account, after deducting payments, unless Sawyer knew at the time of signing the guarantee, of the amount of credit extended to Mrs. Savage. There being no allegations to the effect that Sawyer had such knowledge, the demurrer should have been sustained. Judgment of court below reversed and cause remanded.

**Attorneys**—E. J. Hart, for Sawyer; Max P. Goodman, for Bing Co.

## HOW TO BUILD UP LOCAL BAR ASSOCIATIONS

Report of Committee of Illinois State Bar Association

**Many Practical Suggestions Which Should Be of Value to Ohio Lawyers in Places Where There Are No Local Organizations Or Existing Ones Need Strengthening.**

Practical suggestions for creating more interest in local bar associations and for extending their activities and influence are contained in the report of the committee on local bar association meetings to the recent annual meeting of the Illinois State Bar Association. While the report deals specifically with the local organizations in Illinois, the recommendations are fairly general in their application and may furnish useful suggestions to those in other states.

As much is now being said as to work of Ohio bar associations, it will not be out of place to reproduce most of this most comprehensive, able, instructive and timely report:

### Every Local Bar Should Organize

The report begins by stressing the importance of local organizations of the bar, and this even though there may be only a few members. "Many time," it says, "legislative and other matters are referred to the bar associations of the various counties for an expression of opinion, and these organizations, although small, many times carry weight in recommending the passage of a bill before congress or the legislature. In every case the expression of the members of the bar is indicative of the sentiment of the people in their respective communities." These local bar associations should observe the same strict rule with reference to membership "as are recognized by the state and American Bar Associations. The quality of the membership will largely determine the character of its work and the influence of the association in the community."

Again, the selection of officers is a matter of great importance: "Often the local association, in electing its president, selects a member of the bar in honor of his long service, or to pay him a mark of respect. This is fine sentiment, but very often this worthy member is so burdened with other duties that he neglects the work of the association. The one selected as president should be not only a good executive, but one having an interest in the welfare of the bar. He must be in sympathy with the efforts of the American and State Bar Associations to promote the high ideals of the profession. He should have the spirit of elevating the standard of the bar as a public institution, and for the betterment of humanity, and not to use it solely as a means of making a livelihood."

### Number of Meetings

The "number of meetings and character of the program" is next taken up. The number of meetings to be held by any association each year depends largely on the size of its membership and the locations of their residences in the county. In some counties a great many members of the bar live in cities other than the county seat, and these associations plan their meetings at the county seat at times when court is in session, so that members from other cities may attend. Some of the larger associations have been holding monthly meetings—generally informal dinners. One of the large bar associations in the state in addition to its monthly meetings observes Lincoln's Birthday by an annual Lincoln Memorial Dinner. To

(Continued on Page 20)